Good afternoon, everyone. I'm here with Judge Jacobs and Judge Minashi. This is Judge Livingston, and we have one case to be heard this afternoon, United States v. Trimm. I understand both counsel are present and ready for argument, so we're ready to hear from the appellant. Mr. Silver? Thank you, Your Honor. The district court determined that the government acted in bad faith and for an unconstitutional reason in declining to make a section 3553e motion on behalf of the defendant, Hillary Trimm, notwithstanding that it made a motion pursuant to the United States, pursuant to the section 5k1.1 of the sentencing guidelines. That decision was wrong and unfounded. There's no basis for it in the record, and we maintain that the way that that decision was reached suggests or could lead one to believe that Judge Hurd's impartiality could be questioned. By way of just recounting the procedural background, which I think is important in this case, Trimm appeared for sentencing before the district court for the first time, and the district court made clear its belief that the cooperation that Trimm provided warranted a 10-level downward departure more than the government was recommending, and that the government had to make that motion in order to relieve the burden of the mandatory minimum sentence of 15 years. The district court made no other statement, gave no other reason as to why it was necessary to go below the mandatory minimum of 15 years. As the court knows, the government declined to make that motion. The district court deemed it to have been made and sentenced Trimm below the 15-year mandatory minimum. The government appealed to this court, and this court vacated that sentence because the district court had expressly declined to determine that the government had acted in bad faith. The district court did not make an express finding that the government acted in good faith, but the district court said, I'm not making a finding that the government acted in bad faith. This court remanded the matter for resentencing. On remand, rather than proceed to sentencing, the district court invited the defendant to make a motion to compel the government to move pursuant to section 3553 on the ground that it had acted in bad faith in failing to do so. The district court then ultimately granted that motion, as I said, finding that the government both acted in bad faith and for an unconstitutional reason. But the district court's decision wholly ignores the explanation that the government provided to the district court as to how the determination was not to make a motion pursuant to section 3553. The United States Attorney's Office for the Northern District of New York has a policy that applies consistently to cooperators in the district and has for some time in which it evaluates the value of the defendant's cooperation through recommendations from a trial attorney, to the criminal chief, to the first assistant, and ultimately the authority to make a motion pursuant to section 5K1.1 or section 3553 is made by the United States Attorney for this district based on the recommendations in large part from the people who are providing input. That process does nothing more than value the cooperation pursuant to our internal guidelines, and that's all that happened here, and there's nothing in the record to suggest that anything else happened here. The guideline is not, I mean, your internal process is not, you know, protected by statute. If the district court says following your process led to a violation of the cooperation agreement, wouldn't that, couldn't the district court still find that? I mean, the fact that you have a process doesn't mean that the district court can't make a finding of bad faith, does it? Well, we have a process. We have, to the extent the district court said in bad faith, I think that comes down to a contractual matter based on the plea agreement, and in the plea agreement, the government made clear that we will follow this process, and that the defendant should not, the defendant should understand that our valuation of the cooperation may result in a 5K1.1 motion, which would leave the 15-year mandatory term of says ipso facto. You didn't make a section 3553 e-motion, therefore you acted in bad faith, but there's nothing beyond the fact that we valued the cooperation at five levels, which didn't necessitate a 3553 e-motion in the record to suggest bad faith. So, yes, your honor, you're absolutely right that the fact that we have an internal process doesn't preclude a finding of bad faith, but there's nothing here, and I'm not engaging in hyperbole when I say there's nothing to suggest bad faith. It's possible for an agreement to say to reserve discretion on the part of the prosecutors, but still for the district court to say, well, I think based on the reasonable expectations of the parties, she could have expected more of a recommendation. Wouldn't that be possible? It is possible, but it would violate the terms of the plea agreement. If there was an expectation on the part of the defendant that her cooperation was worth more or would be worth more than the value the government placed on it, I mean, obviously in this case, the defendant and the district court disagree with the government's assessment, but that doesn't mean that the government acted in bad faith. We acted reasonably, and, you know, for the sole purpose of valuing that cooperation. Well, if there had been evidence that you flipped a coin about whether it should be a five or a 10 level departure or how to flip the coin in determining how to value the cooperation, that presumably would be a violation of the plea agreement, right? That would be bad faith? Yes. So your argument is that there was simply no articulation by the district court of an evidentiary basis for finding bad faith? That is correct, Your Honor. I don't know. Is sticking with its recommendation of a five-level reduction, because you're referring to the value that the government places on her in anticipation of your question? No, you know what my next question is. Yes, but the district court's methodology is not germane to the process of how the government values the cooperation. The government has a process where it starts at a level coming down from the level 43 that was applicable to the defendant here to the first guideline level that incorporates the otherwise applicable 30-year maximum sentence. The fact that the district court would have employed a different procedure is, I don't know if it goes too far, but it's the government's procedure, as long as it's rational and reasonable, that dictates how we value the cooperation. Are you valuing the cooperation in terms of a number of levels to be reduced or in terms of an absolute number of years of a sentence to be served? In this district, Your Honor, we value the cooperation in terms of number of levels. Oh, well, so then you've determined that her cooperation was worth a five-level reduction. What if you're mistaken about the starting point and wouldn't the district court be right that it's five levels and it should be five levels from whatever the correct guidelines calculation would be? We can't be mistaken about the starting point, Your Honor, because there is no starting point dictated by the guidelines. Different districts may have different opinions, different judges may have different opinions about where to start. Isn't that part of this district court sentencing discretion? If you're telling the district court we've determined that her cooperation, her assistance is worth a five-level reduction and we think that the starting point for the guidelines is 42, well, the district court doesn't need to disagree with your evaluation of her cooperation, but it could disagree with your guidelines calculation, couldn't it? Couldn't it say, well, I think you're wrong about the from 40? There's no principle of law that would allow the district court to do that because the starting point and the valuation are integral parts of the process that the United States Attorney's Office engaged. Let me just put it this way. If there is an ambiguity and there's some discretion over how to calculate the guidelines, should we defer to the district court or to the U.S. Attorney's Office? Well, I don't think that's hypothetical, Your Honor, because I don't think there is ambiguity or discretion. You just said there was no objective answer to this question. Didn't you just say that? No, what I'm saying is that it is within the discretion of the United States Attorney's Office to determine the process for how it evaluates cooperation. The fact that the district court may use a different process or part of that process doesn't render the process that the United States Attorney's Office used irrational, unconstitutional, or doesn't mean that we followed it in bad faith. Well, but it may not mean any of those things, but it may mean that if there's no law dictating whether the jumping off point is 42, 40, 40, or 43, that the district court has discretion to determine that it is 40, and your office has discretion to determine that there's a five-level reduction, and it may ultimately mean that there's no, that there isn't any bad faith in there. It's just, it's a matter of arithmetic. So the judge is saying, the judge is saying, well, for example, counsel, are you arguing that it is an error of law to set the level at 40? Because there isn't any law. Well, essentially, I am saying it is an error of law, your honor, because... Have you argued that? Are you appealing that? Well, we have appealed the district court's determination that we acted in bad faith and our procedure. The district court doesn't have the discretion to take parts of the government's process and utilize it. I'm sorry, the calculation as to what offense level applies to the defendant, that's part of your process for calculating substantial assistance. Wouldn't you have to do that regardless? Isn't the determination of what the applicable guidelines range a separate process? Well, we know that the defendant's offense level under the guidelines was level 43. The United States attorney's office made the determination to come down to level 42 because that's the... Because that's statutory maximum. I understand. Right. But you would have to do that regardless of whether the defendant provided assistance. That's just calculating the applicable guidelines range, isn't it? Right. But what words... So to say that it's part of your process for calculating the value of the assistance, that seems odd. Well, it may be odd, Your Honor, but I think that we're talking about two separate things. Of course, we have to calculate the guideline level, assuming no cooperation. We know that's 43. That's been calculated. The guidelines are established. Now the government has to employ a process to determine how to value the defendant's cooperation. That's where it's within the government's discretion and not the court's discretion to determine how to do that. And we abandon the level 43. I agree with that. But I had just asked you, does your process lead to a calculation in terms of levels to value the cooperation or in terms of the absolute number of years of a sentence? And you said levels. So then it's not open to you to say, well, we think that the cooperation should be valued at a reduction of a certain number of levels. So if we have five levels from 42 or three levels from 40, we arrive at the same place. It sounds like you're saying we think that it's worth a five-level reduction, her assistance. We do, but making the determination that it's worth five levels is part of a process that incorporates a specific starting point. Well, whose process are we talking about? Your process is to determine how many levels the court may depart downward. And surely determining the proper guidelines range is something that the judge does. And you're not appealing the decision that it's 40. So if it's 40 and you go down five, you are below the mandatory minimum. And you have to decide whether to give the letter or not to give the letter. And the judge says it's bad faith. But the question really is whether you should give the letter anyway. Well, ultimately, yes. But assuming that the court decides it wants to use a different starting point, that doesn't mean that we acted in bad faith in employing the level 42 starting point. I don't know how to say this, but I do appreciate that it is a matter of the utmost importance to you and your office that you have the imputation of bad faith. But there's another consideration there, and that's how long this person spends in jail. So if we start with the fact that there's no law as to whether it's 40 or 42, and the judge has discretion to make it 40, and you've determined that the cooperation is worth five levels, then that really gets it below the mandatory minimum. If you find that the government acted in bad faith in saying that the five levels has to start from level 42, then that's where we are. But the fact that the district court would like to start from level 40 and get below the 15-year mandatory minimum does not mean the government acted in bad faith or for any unconstitutional reason in saying that we are starting from level 42. If it were clear in the guidelines themselves that you needed to start from 40, and you guys set up a procedure, you're going to value the level departure, and you started from 42, that would evidence bad faith, wouldn't it? It would be some evidence of bad faith. Just like some districts, like ours, talk about number of levels, other districts talk about percentages of sentence or whatever method they use, but they're all permissible under the guidelines. And we've cited an Eighth Circuit case, United States v. Diaz, for that proposition. There is no requirement that the government started at a particular point. Well, regardless, I guess maybe we could come at it in a different way, which is, so even if there's a dispute as to what the appropriate starting point was and the district court had a different view, would that mean the district court would have the authority to compel you to file the motion, the 553E motion? No, Your Honor. That's where we are. We maintain that we employ a process across the board for all cooperators, and using that process resulted in our recommendation to recommend a sentence of 210 months, which was the low end of the resulting guideline. And you didn't have to offer a five-level reduction. You could have three levels or two levels or no levels, right? Well, that's true. And along these lines, this is not necessarily germane to the process, but we recommended a five-level departure. We recommended a six-level departure for the other cooperator, McKenzie Bailey, and the district court even went further. My point being that with respect to the reassignment issue, there's no question that the other defendant provided more cooperation in the view of the government. The other defendant also was engaged in a lot of more objectionable conduct. I mean, is it really, should that be the basis of the difference between the two? Well, I suppose that's a matter for the district court. I was struck when I was researching these issues that allow for considerations other than the value of the cooperation in determining where to make the recognition. That's not the process that my office follows. We value the cooperation, but the district court may not have been concerned about the total. I guess even in terms of the cooperation, I mean, the reason she offered more cooperation is because she was involved in more defensive conduct and could speak to more counts than Trim could. I mean, but that's still, that goes into your calculation as to who's offering more cooperation. That's the nature of the beast, Your Honor, and always has been. Oftentimes, the more culpable defendants are in the best position to offer the most cooperation that's just inherent in the system. But yes, you're absolutely right. Well, I think I'm way over my time. We'll hear from the appellee. You've reserved some rebuttal time. Thank you. Thank you. Good afternoon. May it please the Court, George Hildebrand for Hillary Trim. Going to the Court's questions about starting point, I think the important issue is not which was correct because either arguably could have been a correct starting point. What's significant is that the government at first advised the Court that it was valuing Ms. Trim's cooperation at five levels. And after Judge Hurd indicated that he was going to be starting at level 40 and not level 42, there's a colloquy in which the Assistant U.S. Attorney then switched its assessment from valuing her cooperation in terms of levels to the ultimate sentence. I think that captures exactly what the point is here, that government was motivated not by valuing her substantial evidence but by valuing her assistance. Why can't they say, well, we think that reducing it to 37 is an appropriate valuing of her assistance. And so therefore, if you want to conceive of that as five levels down from 42 or three levels down from 40, it doesn't matter because we're thinking about it in terms of years. Because I think that usurps the Court's sentencing function. The government's role is to determine the value of the defendant's cooperation and how extensive it is. If it's extensive enough to warrant a 3553E motion, then it's its obligation to do that. Whether to grant that motion and to what extent is ultimately up to the Court. The whole calculation has to take its bearings by the number of years, right? Because we are reducing the offense level based on the maximum which is given in terms of years, right? So, it can't be a pure calculation looking only at the offense levels, right? That's how we get into this whole debate because we're saying, well, what is the offense level that's associated with the 30-year sentence? I think there's two separate possibilities for the government here that are separate considerations. One is what they may advocate for as an ultimate sentence and their obligation under the cooperation agreement to advise the Court of defendant's cooperation and in the exercise of good faith to make a 3553E motion if warranted. I think the government would be warranted in making a 3553E motion but then advocating for a sentence that might be higher than the guideline level that results from their motion. Those are two separate considerations. But if they don't think that the cooperation warrants a sentence below the statutory minimum, why would they be obliged to file the motion? Well, they may not. It's the number of levels which counsel acknowledged was the measure of involving the mandatory minimum and that's a 3553E motion. But here it did. You know, Judge Heard might have been permissible for him to start at level 42 in this circuit. There's no indication that he's required to pick 40 or 42. But once he indicated he was starting at level 40, then it was really impermissible for the government to suddenly change its evaluation of Ms. Trim's cooperation. It's advising the Court of what it values as her assistance and reflects that it's trying to control the sentence, which I think is clearly inappropriate in this case. I'm sorry, but under the present, just very quick, under the present sentence of 60 months, what would be her release date? She's actually out. I tell the Court that she's in a halfway house now, so. She's in a halfway house now? Correct. When would be the end of the sentence? Well, I guess with good time, she would have served, she had 60 months, would have served 52 months, maybe, somewhat less. When does she pass out of the custody of the Bureau of Prisons? I think she went into a halfway house maybe February or so. So I would say probably within the next few months. I think she could do six months there. Thank you. Sorry to interrupt. So anyway, but your argument relies on the idea that the government is not allowed to value the cooperation in terms of years, but only in terms of levels. Is that right? Well, I'm not sure if I'm saying that, but I'm saying that it would be incorrect for them to value it in terms of the ultimate sentence. If they said, we think that her cooperation merits a six-year reduction off of the top guidelines, I suppose that could be permissible, but that's not what's going on here. It's clear that they're focusing on the ultimate sentence and not a measure of her cooperation. Well, if they say to the district judge, the way we see this case is we think that she starts from a level of 42 and she should be sentenced at a level of 37, and so therefore moving for a five-level reduction, and that's our recommendation, and we submit it to you, then how's that limiting the district court's discretion? The district court's not bound by that. It can just take that as the starting point. It can also disagree with the number of levels of reduction. Correct. It's ultimately up to the court to determine what value it puts on the defendant's cooperation. The problem is that when the government wrongfully limits the court from considering the true extent of that cooperation by failing to make a 3553e motion, either in bad faith, I mean, if the U.S. attorney genuinely believes that the appropriate way to value her cooperation is to start from 42 and go down to 37, and that doesn't require the 3553e motion, why is that bad faith? Do you think that they're lying when they say that? Well, I think there's no explicit record of what was going on internally at the U.S. attorney's court. I think the evidence circumstantially reflects that the government did not act in good faith. For example, to this day, despite the fact that this case has gone on for, well, since sentencing, three years, government has still never indicated what their dissatisfaction is with the extent of her cooperation. It's indicated that it has a policy and procedure yielded, what those discussions were that warranted not giving her a greater degree of cooperation. The concept of bad faith, that seems to me, as it was applied by the district court, is that what the prosecutors are doing here violates their office practice. Now, office practice is not incorporated by reference into the plea agreement, and an office practice may be this and it may be that tomorrow, and that is made by the people who make the policy for that office. So I'm having trouble understanding why deviation from office practice is bad faith. I mean, I can see violation of a plea agreement is very troublesome, but this office practice is not incorporated by reference. That's right. So frankly, I don't think that their office practice insulates them from a claim of bad faith. So I'm not really sure what the point of it is, other than to seem to imply that it's not making an individual determination that, you know, Ms. Schrimm is not an evil person and, you know, we don't have it out for her, I don't think. Well, clearly, the office practice does not insulate them, but I'm not sure I see why the office practice inculpates them. They have an office practice. This is a situation in which, I assume, they have decided, and there's no reason to assume it's in bad faith, they have decided that that application of the office practice results in something that is a severe injustice. And so they deviate from it. Why is that bad faith? Well, I'm not sure that the deviation from the office practice indicates that it's in bad faith. I think there are other reasons. Yeah, what? Well, for example, it's a somewhat unique fact situation, but this is a case where a defendant could provide really finite cooperation. She wasn't part of some large conspiracy, or, you know, a drug operation. She was involved in one particular offense. That's all the government acquired of her during their proffer session. They knew what they wanted from her, they knew what she had to offer because she proffered with them. We just spoke about that with opposing counsel. I mean, that's just the nature of the thing. Sometimes if you're more comfortable, you can offer more cooperation. Do you disagree that that's just generally how it works? No, I don't. But the government has yet to say, you know, her cooperation was good, but it wasn't valuable, or, you know, we think she could have done more, or she was truthful, but she never had to testify at trial. So we're not going to give her the full extent of the cooperation. She did everything that they knew that she could have. And even if she does everything that they know that she could have, might it still be the case that it's not very much compared to other people like the co-defendant here who participated in more conduct and therefore could implicate the other defendant on more counts? Well, then maybe they shouldn't have an agreement with her, indicating that they would exercise their good faith in considering whether to make a 3553 emotion. Now you're just begging the question, right? The question is whether they complied with that. And so if she didn't offer the same level of cooperation that somebody else might have been able to, you know, they valued it at a certain level, but that calculation is not in, it's a circular argument to say it's in bad faith because they committed to do it in good faith or something like that. Well, I'm saying that the cases I think we cited, I cited in the brief, reflect that when the government has failed to offer a 3553 emotion and it's been an allegation of bad faith, they've expressed some dissatisfaction with the defendant's efforts to do that here. But that's limiting their discretion. You have to be able to point to some deficiency. They're not permitted to just say, well, we value the cooperation, thinking of similar cases, looking across other cases and co-defendant in this case, and we come up with this figure. And I don't see that the plea agreement constrained them to say you will get a 3553 emotion unless we can point to something specific that we think you could have done that you failed to do. You know, by answering your question, I think one problem with comparing what happened with the co-defendant is she, the government didn't make a 3553 emotion in her case, and she apparently didn't make a motion to compel them to do so. So the court imposed the mandatory minimum, which is all it could do. There's no indication that that's an accurate measure of her cooperation. If the co-defendant had filed a motion to compel a 3553 emotion, do you think that that should have been granted? I don't know. Wasn't it also constraining the district court's discretion not to file a 3553 emotion in that case? Because the district court couldn't go below the mandatory minimum, right? It might have been proper for her counsel to do that. I can't really say because I'm not privy to what happened. Well, I mean, just thinking about 3553E, I mean, Congress has limited the district court's discretion, right? It's not that the prosecutors are doing that by failing to file the motion, right? The baseline is the district court does not have the discretion to go below the statutory minimum. Not without the government making a motion. And so then shouldn't it, it's up to the, like the Congress has decided that the district court should have the discretion only when the government agrees that it should, right? That's correct. Right. So it's not like the district court is entitled to such a motion. It has to be that the district court, I mean, the prosecutors are somehow refusing to do it specifically for an improper motive. But constraining a district court's discretion can't be an unconstitutional motive because the baseline is the district court's discretion is constrained, right? That's the default. Well, that's correct. Unless the government's refusal to move under 3553E is a constitutional motive. In that case, the court is permitted to step in. Right. So what's the unconstitutional motive here? That the government's motive is not rationally related to a legitimate objective because its actions reflect that its decision with respect to 3553E was to control the length of the sentence. That's reflected in part, again, by the colloquy that occurred and by the fact that once Judge was going to be... I mean, control the length of the sentence, but we would just agree that the district court can go below the statutory minimum only if the government agrees. And so they are actually entitled to withhold that motion and constrain the district court's discretion, right? Not if they do so for an unconstitutional purpose. I understand. But then, so you're saying that once they said it was five levels, it becomes unconstitutional to withhold the motion. But they could have said it should be one level, right? That could have been their initial recommendation. They could have said one level and that would certainly detract from the argument, defendant's argument in this case. The fact is that they said five levels and when Judge Heard said, well, 40 minus five takes us to level 35, which means that you're going to have to make a 3553E motion. And then the government changed its position to say, well, no, it didn't mean five, we mean 210 months. I think that reflects bad faith. Let me ask you this on a different subject. Last time, this case was the sentencing issue was here. The sentence was 90 months. Now it's 60 months and the 30 month reduction is attributable to post-sentence rehabilitation. But the Richardson case says that the maximum permissible extent of a departure must be for cooperation, must be based only on substantial assistance and on no other mitigating considerations. So isn't the reduction from 90 months to 30 months error? It might be, except that our position is that the government waived that. In fact, I would submit that they waived it twice. They waived it the first time when they failed to raise it, when Judge Heard indicated maybe a seven month departure below what he found the 10 level substantial assistance motion was to go to level 90. And that was argued, came up with the first appeal, the government acknowledged that they failed to raise it. In this case, once Judge Heard indicated that he was then the defendant to 60 months, correct sentencing procedure dictates that the government stand up and say, no, that's an improper sentence. And you have to correct that. That did not happen. I think frequently it's government counsel that's standing before the court, if you will, making that argument. But I think it applies both ways. I mean, I think at best, plain error analysis would apply because that argument was not raised in the district court second time either. Thank you. Thank you. We'll hear rebuttal. Thank you. With respect to what happened when Judge Heard indicated he was going to depart from level 40, not level 42, the government counsel did not change her position. Judge Heard said to her, well, if I'm going to depart from level 40, do you still want a five level departure? Counsel didn't say, no, now we want three levels. Counsel said, we want five levels, but we want five levels from level 42, which is, I think a little more than a semantic difference in the context of this case. I don't think counsel changed her position at all in the district court. My worthy adversary here says that the government still has not indicated what dissatisfaction it had with Trim's cooperation. Well, we didn't have any dissatisfaction. We've made clear from the outset in the district court that Trim did what she could do, and this is our assessment of the we have no dissatisfaction. We just don't think it's worth more than the five levels off of level 42. The effect of what counsel is asking for here is, well, if there's no dissatisfaction, you have to make the 3553E motion. The dissatisfaction argument, but I just want you to say a little bit more about this other idea that when you say it should be a five level reduction, and then the district court says, well, I'm starting from a different starting point, so how low should I go? Now, all of a sudden, it's three levels. Doesn't that suggest that the government is aiming at a particular sentence as opposed to just providing the district court an estimate of how much the assistance was worth? I think it suggests, Your Honor, that the we think is appropriate, given the starting point that we think is appropriate, and the value that we've placed on the performance cooperation. As you indicated when my adversary was speaking, the government court is free to disregard that. The court could go to 180 months, valuing the cooperation greater than the government, but the methodology that's used is in terms of levels or in terms of years, and you said levels. Now, you're saying it would be okay for the government to have an estimate as to what the actual sentence should be, and that be the basis of its recommendation. What I was saying, Your Honor, is that it's not fair, if that's the right word, to sever the starting point that the government uses from the five levels that the process we follow. If a court were to say to us, well, you can't use the starting point that you think is appropriate, maybe we would change our process. But doesn't the plea agreement emphasize more than once that the ultimate sentence is to be governed by the judge and not by the prosecution? Yes, but, Your Honor, it also makes elusively clear that the sentence will be subject to the mandatory minimum of 180 months in the event the government, in its sole discretion, declines to make a motion pursuant to Section 3553. A little more than that, it also says whether and how to credit any proffered cooperation is within the sole discretion of the United States Attorney's Office. I don't think a plea agreement could be more clear that we may or may not make one or both of the motions that were possible. Yes, actually, so even if the district court were right about the guidelines and so on, I think that your position is that still wouldn't require you to file a 3553 emotion. That's a tough hypothetical, Your Honor, because if the law was clear that we had to go down to the lowest level, then I think my office would have to say, okay, the starting point is the lowest level, what is the value of our cooperation? But that's simply not the law. Nothing required the government to employ the process the district court chose to employ. If the law did require us to do that, then we would be dealing with a different situation where we would have to say, yes, five levels from the lowest level is what we recommend. In order to give effect to that, we would be acting in bad faith, I think, if we didn't make the 3553 motion. But that's not the guideline. I'm sorry, but just to be clear, you're saying that if it were clear that you had to start from a different level, that you had to start from 40, you might not have arrived at a five-level recommendation. I think if that was the law, then we would still have said five levels. I mean, hard to know, but it seems to me that the five levels is what we required. The law required us to start at level 40. I don't think that changes the five-level recommendation, but I don't think we were obliged to accept the district court's change to the methodology that the government used. If there's no law one way or the other, how can you characterize what did as a change? It's a change only to what you're doing, and looking at that, it's really an inconsistency and what I don't understand is why you are not preserving the right to deviate from your office practice. I'm sorry, I don't mean preserving it for this court to decide. No, I mean that your office practice is that if the calculation of the guideline level and the five-level reduction or whatever level reduction brings the sentence range below the mandatory minimum that you will give a letter under 3553E. That's your office practice. We have reserved, I think, even more than that, Your Honor. We have reserved the right to, in our sole discretion, determine whether to make either of these two motions and under what circumstances. That answers one of my questions that if it were clear that you had to start from 40, the recommendation would still be five levels and you would have to make the motion. Does this case turn on whether you or the district court was right about the starting point, whether it was 42 or 40? No, Your Honor. As I said earlier, there is no right or wrong. The law doesn't mandate a particular starting point. The question is whether... That's yet to be decided, I suppose. Yes, but when we made our determination, the law was clear that it did not mandate a starting point. The question becomes, going full circle, whether the practice employed by my office was reasonable and rational and exercised in good faith. There's no indication that it wasn't. The district court may like us to employ a different procedure. The district court, I think, as you indicated earlier, Your Honor, may say, well, I think the cooperation... So you're saying because good faith depends on your intent, even if the district court were right about the guidelines calculation, you weren't acting in bad faith by making your recommendation based on your good faith view of what the guidelines required. You can't find good faith as long as you weren't being dishonest or manipulative about it. Exactly. But the caveat to what you asked the question, Your Honor, is the district court can't be right or wrong. The district court can have its own view of what it would like, essentially, the government to do. There is no right or wrong starting point. Well, there could be. I mean, that could be a decision of this court or... So that's not obvious. It's not impossible for there to be a right answer, right? To my knowledge, no court has yet said that there is a particular starting point. Maybe there will come a day when that happens. So that being the case, why should Judge Hurd have concluded that since you have agreed that this cooperation is worth five levels, and there's no law saying that he has to start at 40 or 42, that he can start at 40, and your level reduction brings the range below the mandatory minimum, and that you are therefore deviating from your office practice by not giving the letter, and that you were doing so in order to force a particular limitation on the judge's discretion, the very discretion that your plea agreement said the court would be able to exercise. Well, the plea agreement says the court will not be able to exercise that discretion unless we make the motion. And again, the district court can't be right in saying it's a level 40 starting point, because nothing dictates that. I'm not saying the district court is wrong. And it's a matter of the district court really, in this case, just attempting to achieve a particular result. But that aside, it's within the government's discretion to establish a procedure for evaluating a defendant's cooperation, advising the district court of the extent of that cooperation, and advising the court of how much of a reduction in sentence, whether in terms of years or levels, we think is appropriate. Yeah, but you just said years or levels, and that really contains the whole conundrum here. Is it levels or is it years? For this office in the Northern District of New York, it's levels. But it's not fair to sever that determination from what we believe to be the starting point. There's nothing in the law that gives the district court the authority to alter the process that we use. The district court could say your process is unconstitutional, or you've exercised it in bad faith. That's within discretion if the record will support that. But there's nothing in the law that says a district court can dictate to a United States Attorney's Office the process that it must follow when evaluating cooperation. Are you in agreement with your adversary that the issue under Richardson has been forfeited by the government and that it could be evaluated only under plain error analysis? No. Well, we haven't raised it on appeal in either the first appeal or the second where I disagree with my adversary. It wouldn't apply on the first appeal as far as I can see. And that's why we didn't raise it. But it applies on this appeal. If this court determines that the district judge acted within its authority in going below the 180 months, we have not argued that Richardson precluded the further reduction that Your Honor has alluded to. The failure to follow Richardson, we think, is indicative of why, assuming you agree with us on the merits, this case should be sent to a different judge. Ironically, it was this judge's sentence that was vacated in because the government didn't raise it on the first appeal. Because you did raise Richardson, but in exactly that context that it indicates that this judge is jumping the rails. Yes. Now, my memory is that Richardson was raised in the district court for both sentences. I may be wrong, but that is my recollection. It clearly was raised in the second sentence because that's where Judge Heard determined that it was waived by not being raised on the first appeal. In answer to one question that you asked earlier, Judge Jacob, I believe June 20 is the projected release date for Hillary Trin. Something in my mind says I also saw June 29 as the date, but I believe it's the 21st. It's one of those two dates, according to the Bureau of Prisons website. I can check that if you like and provide that information. Other than that, unless the court has further questions, thank you very much for your time. Thank you both for your arguments and for arranging your schedules to come in today on short notice. We very much appreciate it.